The opinion of the court was delivered by

Mr. Justice-Johnson.

The rights of the parties in this case depend on the construction of the act of 1785, Pub. Paws, 381, 2. Amongst other things, this act provides that all deeds for lands, between persons resident in the state, as w'as the case of these parties, shall be recorded in the clerk’s office of the district in which they are situated, within six months after the execution thereof; and it is declared that if any such deed shall not be recorded within that time, such deed shall'only be valid between the parties themselves and their heirs, “but shall be void and incapable of varying the right of persons claiming as creditors or under subsequent purchases, recorded in the manner before prescribed.”
It is obvious that the mischief intended to be remedied by this act, was the facility with which frauds might be practised by double conveyances, and the, remedy provided, is recording the deeds in the clerk’s office; thus constituting a common place of •deposite for all. the land titles in the district, to which all may ■resort for information, and thus protect themselves from such practices. But if this information is attained by other means, the object of the act is accomplished, and on the principle that when the reason ceases, the law also ceases, the law becomes *297 inoperative, and its sanctions do not attach. The case of Tart vs. Crawford, 1 M'Cord 265, proceeds on this principle. In the construction of this act, the court there says, that although a prior deed has not been recorded, yet if a subsequent purchaser has notice, he is not protected; and such is now the received rule, and whether we refer to the principle or to its application, it follows that notice is a substitute for, and has the effect of recording.
The plaintiff claims protection under this act in the double character of subsequent purchaser and creditor, and we will proceed to examine them with reference to these rules, and
1st. As a subsequent purchaser. Dickie conveyed to the defendant on the 21st December, 1819. The plaintiffhad notice before the 17th June, (the date of his decree) withiit six months after the execution of the deed, and long before he became the purchaser. The case falls therefore precisely within the rule laid down in the case above cited, and he cannot be protected in that character.
2dly. As creditor I do not comprehend precisely what Is intended by the term, “ claiming as creditors,” as used ia the act. It may be doubtful whether they do not apply exclusively to such as claim by some lien on the land, as mortgagee, &c. but I do not think it necessary to consider that matter in this case. Give to them the most liberal and extended interpretation in favor of creditors, and, as to this case, the same consequences must follow'.
If we examine into the policy of the act, it is obvious thkt it was the intention of the legislature to protect only that class of creditors who had trusted the ostensible owner on the credit of his property, by imposing a forfeiture on him who by keeping secret his titles, should enable the debtor to obtain a credit by holding out false colors. This policy could not extend to cases where the debt was contracted before the sale. The debtor might sell notwithstanding, and the creditor would thereby lose his security, and the purchaser would be without motive for concealment.
*298 The plaintiff’s demand against Dickie, was prior to the sale to the defendant. His bill was filed in February, 1819, and the defendant’s deed bears date in December following, and if this construction be correct, the deed is not void as to him.
Again. It will not be denied that if the deed had been recorded within the six months, that it would have been valid to all intents and purposes; and according to the rule deduced from the case of Tart, vs. Crawford,-that notice is- a substitution for, and supplies the place of recording, it is in effect, as to the plaintiff, a recording of the deed, and lie has nothing to complain of, as all the purposes of the act are fully answered. Motion refused.
Johnson, Huger, Gantt, and Richardson, Justices, con?-surred.